UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>S. HUH INC, dba PALMS GRILL & BAR; AND DAVID BOBBY LYNN, JR.<br><br>            Defendants. | Case No.: CV 11-2239 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO ABSTAIN FROM EXERCISING JURISDICTION**<br><br>**(Docket No. 7)** |

## I. INTRODUCTION

Defendant David Bobby Lynn, Jr. ("Lynn") moves to dismiss the complaint of Plaintiff The Burlington Insurance Company ("Burlington") pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Lynn requests this court to abstain from exercising jurisdiction over this case. On August 30, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Lynn's motion is GRANTED.

## II.  BACKGROUND

On or about April 6, 2010, Lynn filed a complaint ("Underlying Complaint") against Defendant S. Huh Inc., which does business as Palms Grill & Bar ("Palms Grill") in the California Superior Court for the County of Santa Clara, Case No. 1-10-CV-168417 ("Underlying Action").[1]  The Underlying Action is based on an incident that occurred on or about April 6, 2008, while Lynn was a patron of the Palms Grill in Milpitas, California.[2]  Lynn alleges that he was attacked by several unknown assailants who also were patrons of Palms Grill.[3]  Lynn suffered severe injuries from this attack, including permanent blindness in his left eye.[4]

In the Underlying Action, Lynn brings two causes of action against Palms Grill.[5]  The first is for negligence and second is for premises liability.[6]  Palms Grill is a California corporation, but its corporate powers, rights, and privileges have been suspended for failure to pay its taxes.[7]  Palms Grill therefore cannot appear and defend itself in the Underlying Action.[8]  Burlington is the liability insurer for Palms Grill for the relevant period.[9]  Burlington first received a copy of the complaint in the Underlying Action on March 3, 2011.[10]  On May 5, 2011, Burlington filed a motion to intervene in the Underlying Action pursuant to California Code of Civil Procedure 387(a) in order to defend the claims against Palms Grill and prevent a default

---

[1]  Compl. ¶ 9 (Docket No. 1).

[2]  *Id.* ¶ 10.

[3]  *Id.*

[4]  *Id.* ¶ 13.

[5]  *Id.* ¶ 11.

[6]  *Id.*

[7]  Decl. of Thomas Holden Ex. B. (Docket No. 15).

[8]  *Id.*

[9]  Compl. ¶ 7.

[10]  Decl. of Thomas Holden Ex. C.

judgment.[11]  The Underlying Action is set for a Case Status Review in Superior Court on October 13, 2011.[12]

On May 6, 2011, Burlington filed this action in federal court pursuant to 28 U.S.C. §§ 2201 and 1332.[13]  Burlington seeks declaratory relief and states two claims that relate to the claims and damages presented in the Underlying Action.  In its first claim, Burlington seeks a declaratory judgment that it owes no duty to defend Palms Grill in the Underlying Action based on the terms of its insurance contract.[14]  In its second claim, Burlington seeks a declaratory judgment that is has no duty to indemnify Palms Grill for any judgment or settlement that might result from the Underlying Action pursuant to the terms of the insurance contract.[15]  In response to Burlington's complaint, Lynn filed a motion to dismiss the complaint, or in the alternative, requests this court to abstain from exercising jurisdiction.  Lynn argues that Burlington's complaint should be dismissed because it raises matters already at issue in another lawsuit and is an attempt at forum shopping.

### III.  LEGAL STANDARDS

Under the Declaratory Judgment Act, "[a]ny court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."[16]  Generally, the district court may entertain a request for declaratory relief at its discretion.[17]  "The

---

[11]  Decl. of Thomas Holden Ex. B.

[12]  The Superior Court of California, County of Santa Clara, Public Access Civil Case Information Website, Case No. 1-10-CV-168417 (available at: http://www.sccaseinfo.org/pa6.asp?display_name=index_case_number) (last accessed September 6, 2011).

[13]  Compl. ¶¶ 1-5 (Docket No. 1).

[14]  *Id.* ¶ 19.

[15]  *Id.* ¶ 21.

[16]  28 U.S.C. § 2201(a).

[17]  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).

district court's discretion to hear declaratory actions over which it has jurisdiction is guided by the Supreme Court's announcements in *Brillhart*."[18]

The *Brillhart* factors state that the district court should (1) avoid needless determination of state law issues, (2) avoid duplicative litigation, and (3) discourage litigants from filing declaratory actions as a means of forum shopping .[19] Furthermore, if a parallel state proceeding involving the same parties and issues exists, there is a presumption that the entire suit should be heard in state court.[20] However, "the pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief."[21] Essentially, the district court should balance concerns of judicial administration, comity, and fairness to the litigants.[22]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] While "detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[24] In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[25] A claim is facially plausible "when the pleaded factual content allows

---

[18] *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). *See also Dizol*, 133 F.3d at 1225 ("The *Brillhart* factors remain the philosophic touchstone for the district court"). The *Brillhart* factors, however, are not exclusive. The Ninth Circuit has listed additional and potentially relevant considerations, including: "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring).

[19] *Dizol*, 133 F.3d at 1225.

[20] *Id.*

[21] *Id.*

[22] *Robinson*, 394 F.3d at 672.

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[25] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]  Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[27]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[28] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[29]  The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[30]  Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[31]

## IV.  DISCUSSION

Lynn's motion is based largely on the second and third *Brillhart* factors.  Specifically, Lynn argues that Burlington's federal court action should be dismissed because it involves the same parties and same issues as the Underlying Action. Lynn also contends that Burlington is engaging in forum shopping by filing this action in federal court.

A.   DUPLICATIVE LITIGATION

The second *Brillhart* factor discourages district courts from entertaining actions for declaratory relief if it will create duplicative litigation.  Lynn argues that the Underlying Action in Superior Court is the better forum to settle the controversy between the parties involved in this

---

[26] *Id.* at 1940.

[27] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

[28] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[29] *See id.* at 1061.

[30] *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[31] *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

lawsuit. Burlington rightly points out that Lynn's Underlying Complaint alleges negligence and premises liability against Palms Grill, whereas in this federal suit Burlington raises issues of contract interpretation. However, although the issues may seem distinct, they are in fact intertwined. If Burlington is correct in asserting that the terms of the insurance contract do not apply to bodily injury arising out of assault, battery, or other physical altercation, then this federal case will turn on whether Lynn's injuries were the result of such conduct. This same factual information will be critical to the Underlying Action in state court. This will result in two parallel proceedings, one in federal court and one in state court, involving the same parties and similar facts.

"[W]hen an insurer file[s] a declaratory judgment action in federal court 'during the pendency of a non-removable state court action presenting the same issues of state law,' and the insurer did so merely to obtain 'a tactical advantage from litigating in a federal forum,' the 'defensive or reactive' nature of the insurer's actions warrant[] dismissal."[32] While Burlington may have been well within its rights to file its action in this court, the "reactive nature" of its tactic only underscores the wisdom of avoiding the duplication noted above by allowing the state court to entertain all issues between these parties.

B.   FORUM SHOPPING

The third *Brillhart* factor states that the district court should discourage litigants from forum shopping. An insurance company engages in forum shopping if the company files "a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action."[33] Lynn argues that Burlington's timing in filing this federal action is an attempt to gain a tactical advantage by making itself a federal court plaintiff rather than a state court defendant. Burlington first received a copy of the complaint in the Underlying Action on March 3, 2011. Approximately two months later, on May 5, 2011, Burlington filed a motion to intervene in the Underlying Action. The next day, Burlington filed

---

[32] *R.R. St. & Co. v. Transp. Ins. Co.*, Case Nos. 10-3536; 10-55404, 2011 U.S. App. LEXIS 18298, at *18 (9th Cir. Sept. 2, 2011) (citation omitted).

[33] *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).

this action in federal court. Nothing in this indicates that Burlington is trying to "wipe the slate clean" after unfavorable state court rulings.[34] However, the court may take notice that even if a second suit of some kind was required, nothing prevented Burlington from filing its suit in the very court in which the Underlying Action and many overlapping issues are pending. Under such circumstances, allowing this suit to go forward in this court would be to encourage, not discourage, the very forum shopping disparaged in *Brillhart*.

C.     OTHER CONSIDERATIONS

In addition to the *Brillhart* factors discussed above, the Ninth Circuit enumerated additional considerations for district courts to consider when entertaining an action for declaratory relief. Among these considerations are "whether the declaratory action will settle all aspects of the controversy . . . or whether the use of a declaratory action will result in entanglement between the federal and state court systems."[35] Generally, the district court should attempt to balance concerns of judicial administration, comity, and fairness to the litigants.[36]

This declaratory action will not settle all aspects of the dispute between these parties. In fact, the Underlying Action will uncover facts that are critical to the contract dispute at issue in this case. This may result in an entanglement between the federal and state court systems because both cases will require discovery of similar facts. Efficient judicial administration weighs against conducting two separate actions in two different courts that will require the discovery of similar facts. Finally, fairness to the litigants is an important consideration. When filing the Underlying Complaint in state court, Lynn had no reason to believe that he would become a defendant in federal court. It would be unfair for this court to exercise jurisdiction over this case and require Lynn to litigate in two courts what appears to be a relatively straightforward action over a single unfortunate incident.

---

[34] *See e.g., Krieger*, 181 F.3d at 1119.

[35] *Kearns*, 15 F.3d at 145.

[36] *Robinson*, 394 F.3d at 672.

## V. CONCLUSION

For the foregoing reasons, Lynn's motion to dismiss, or in the alternative, to abstain from exercising jurisdiction, is GRANTED.

IT IS SO ORDERED.

Dated: September 8, 2011

*Paul S. Grewal*

PAUL S. GREWAL
United States Magistrate Judge